Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                               Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILLIP BROWN** | : No. |
| Plaintiff, | : |
| v. | : |
| **CENTRA ASSOCIATES, L.P.** | : |
| and | : |
| **E-Z PARK, INC.** | : **COMPLAINT** |
| Defendants | : |

### PRELIMINARY STATEMENT

Phillip Brown (the "Plaintiff"), by and through his counsel, brings this lawsuit against Centra Associates, L.P., and E-Z Park Inc., seeking all available relief under the Americans with Disabilities Act for their failure to comply with the Act's accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendants to remove the accessibility barriers which exist at their parking facility.

### I. JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II. VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff is a 43 year-old adult male who currently resides in Philadelphia County, Pennsylvania.

6. Centra Associates, L.P. ("Defendant Centra") is a domestic limited partnership registered with the Pennsylvania Department of State under entity identification number 809560.

7. According to the Philadelphia Board of Revision of Taxes, Defendant Centra is listed as the owner of the property located at 1319 Race Street, Philadelphia, Pennsylvania 19107 having a tax account number of 885649840.

8. E-Z Park, Inc., ("Defendant E-Z") is a domestic corporation registered with the Pennsylvania Department of State under entity identification number 702660.

9. Defendant Centra and Defendant E-Z are collectively referred to herein as the "Defendants."

10. Defendants have a business address of 111 Chestnut Street, Philadelphia, Pennsylvania 19106.

## IV. **STATEMENT OF FACTS**

*The Parking Facility*

11. Defendant Centra owns a public parking lot located at 1319 Race Street, Philadelphia, Pennsylvania 19107 (the "Parking Facility").

12. Upon information and belief, Defendant E-Z manages the Parking Facility for Defendant Centra.

13. The Parking Facility can accommodate approximately 27 vehicles within the lot.

14. As of July 28, 2017, the Parking Facility had no handicap-accessible parking spaces for cars which had adjacent 60-inch access aisles.

15. As of July 28, 2017, the Parking Facility had no handicap-accessible parking spaces for vans which had adjacent 96-inch access aisles.

16. As of July 28, 2017, the Parking Facility had no handicap-accessibility signs.

*The Plaintiff*

17. The Plaintiff is a recipient of Social Security Disability benefits owing to his disability.

18. The Plaintiff is a disabled individual within the meaning of the ADA.

19. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania

20. The Plaintiff's handicapped parking placard permits him to park his vehicle in spaces designated as being handicap-accessible.

21. The Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

22. The Plaintiff is deterred from patronizing the Parking Facility because of its' lack of usable handicap-accessible parking places.

**THE AMERICANS WITH DISABILITIES ACT**

23. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

24. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

25. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

26. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

27. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

28. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

29. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

30. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

31. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

32. Under the ADA, businesses or privately-owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

*Accessible Parking under the ADA*

33. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[1]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |

---

[1] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

| | |
|---|---|
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

34. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[2]

35. The width of a parking space is measured from the center of each parking line bordering the parking space.[3] (**See Exhibit A**)

36. The ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. (**See Exhibit A**)

37. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[4]

38. Creating designated accessible handicap spaces is just one example of a barrier removal. 28 C.F.R. § 36.304(b)(18).

39. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.[5]

---

[2] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[3] Id.
[4] Id.
[5] https://www.ada.gov/restripe.pdf

*Signage and the ADA*

40. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[6]

    (**See Exhibit B**)

41. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

42. The ISA must be used to identify accessible passenger loading zones.

43. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[7]

## COUNT I –

### FAILURE TO PROVIDE PROPERLY CONFIGURED HANDICAP-ACCESSIBLE PARKING SPACES

44. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

46. The major life activity that the constitutes the Plaintiff's disability is his difficulty in walking.

47. As of July 28, 2017, the Defendants failed to provide any 96-inch wide handicap-accessible parking spaces for cars which have a 60-inch adjacent access aisles at the Parking Facility. (**See Exhibit C**)

---

[6] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1
[7] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

48. As of July 28, 2017, the Defendants failed to provide any 96-inch wide handicap-accessible parking spots for vans which have an accompanying 96-inch wide adjacent access aisle.

49. The Parking Facility's failure to provide handicap-accessible parking spaces with the properly sized access aisles has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

50. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

51. The Defendants can remedy their non-compliance by creating access aisles which conform to the dimensional requirements of the ADA.

52. Because his walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA.

53. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff seeks injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

### COUNT II-

### FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS UNDER THE ADA

54. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

55. As of July 28, 2017, the Parking Facility did not have any handicap-accessible parking signs.

56. The Defendants can remedy their non-compliance by installing handicap-accessible parking signs.

57. The Defendants' failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

58. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff seeks injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully Submitted,


By: /s Franklin J. Rooks Jr.
FJR5566

By: /s Jared A. Jacobson.
JAJ2397


Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North, Suite 104
Marlton, NJ 08053
T: (856) 874-8999
F: (856) 494-1707
Attorneys for the Plaintiff
Dated: July 28, 2017

# **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.

Respectfully Submitted,


By: /s Franklin J. Rooks Jr.
FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North, Suite 104
Marlton, NJ 08053
T: (856) 874-8999
F: (856) 494-1707
Attorneys for the Plaintiff
Dated: July 28, 2017

# **EXHIBIT A**

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



**EXHIBIT B**



**EXHIBIT C**

